UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>The M/V ROGER L. KNIGHT and its tow of barges, *in rem*, and James Transportation LLC, doing business as Tennessee Valley Towing, *in personam*,<br><br>Defendants. | Case No.:<br><br>In Admiralty |

**COMPLAINT**

Plaintiff, the United States of America, alleges, on information and belief, as follows:

**NATURE OF ACTION**

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States brings this action against the M/V ROGER L. KNIGHT and its tow of barges, *in rem*, and James Transportation, LLC, doing business as Tennessee Valley Towing, *in personam*, to recover the costs of repairing damage to the upstream guide wall at Lock and Dam 2, which was damaged when barges in the tow of the M/V ROGER L. KNIGHT allided with the structure.

3. The United States asserts claims under the Rivers and Harbors Act, 33 U.S.C. §§ 408 and 412, and the general maritime law.

## JURISDICTION AND VENUE

4. The United States is a sovereign nation authorized to bring this action pursuant to the original jurisdiction conferred upon this Court by 28 U.S.C. §§ 1333 and 1345.

5. Lock and Dam 2 is located on the Mississippi River, at River Mile 815.2, in Hastings, Minnesota. It is a public work built by the United States for the preservation and improvement of its navigable waters. The United States Army Corps of Engineers ("USACE") maintains and operates Lock and Dam 2.

6. Venue in this district is proper because the impacted structures of Lock and Dam 2 are in this judicial district, a substantial part of the events or omissions giving rise to the claim occurred in this district, and the M/V ROGER L. KNIGHT and its barges were located within this district at the time of the incident.

## PARTIES

7. The United States is a sovereign nation authorized to sue under 28 U.S.C. § 1345 (United States as plaintiff) and vested with the authority to bring this claim under 33 U.S.C. § 413 and the general maritime law.

8. The M/V ROGER L. KNIGHT (No. 00675071) is a 140-foot-long, U.S.-flagged towboat that was built in 1973.

9. The M/V ROGER L. KNIGHT is, and was at the time of the incident at issue in this action, owned and operated by James Transportation LLC, doing business as Tennessee Valley Towing.

10. James Transportation LLC (Ky ID No. 0639491) is a Kentucky Limited Liability Company engaged in the business of water transportation. The company was formed in 2006 and maintains a principal office at the following address: 4500 Clarks River Road, P.O. Box 2305, Paducah, Kentucky, 42002-2305. The registered agent for James Transportation LLC is Jeff L. James, who shares the same address.

11. James Transportation LLC has adopted Tennessee Valley Towing as an assumed name. The mailing address for Tennessee Valley Towing is 4500 Clarks River Road, Paducah, Kentucky, 42002-2305.

## STATUTORY BACKGROUND

12. The Rivers and Harbors Act protects navigable waters of the United States by preventing alteration, obstruction, or injury to harbor or river improvements, except with the permission of the Secretary of the Army, at the recommendation of the Chief of Engineers.

13. The Rivers and Harbors Act, 33 U.S.C. § 408(a), prohibits injury to works built by the United States for the preservation or improvement of its navigable waters. Lock and Dam 2 is a public work that was built for the preservation and improvement of the United States' navigable waters.

## GENERAL ALLEGATIONS

14. The area of the Mississippi River where the allisions occurred is near Hasting, Minnesota. This part of the Mississippi River is a navigable waterway of the United States within the meaning of 33 U.S.C. § 408.

15. Lock and Dam 2 consists of a single lock and a dam, located at the following address: 1350 Lock and Dam Road, Hastings, Minnesota, 55033-1145. The lock is 110 feet wide by 600 feet long.

16. An upstream view of Lock and Dam 2 appears as follows:



17. The upstream guide wall at issue, the extending wall upriver and to the left in the above photo, is comprised of individual concrete monoliths that are numbered sequentially, i.e., UG25 (upper guide wall 25). UG25, the monolith impacted here, suffered a prior allision in 2011. USACE repaired the guide wall following that event. Between USACE's repairs and the date of the M/V ROGER L. KNIGHT allision with

the same section of the guide wall, there were no incidents where a towboat, barges, or any other instrumentality that caused damage to the upstream guide wall.

**THE ACCIDENT AND DAMAGE TO LOCK AND DAM 2**

18. On October 22, 2023, the M/V ROGER L. KNIGHT was heading southbound on the Mississippi River with twelve loaded barges in tow. At the time, the towboat was under the control of the pilot, Jeff Slack.

19. At approximately 5:00 a.m. (Central Time) on October 22, 2023, the M/V ROGER L. KNIGHT's starboard lead barge hit the upper guide wall, monolith UG25, causing significant damage.

20. The barge was a dumb barge, meaning that it has no source of propulsion other than that of the towboat. At all relevant times, the barge was under the towboat's complete control.

21. An initial inspection of the upper guide wall revealed that the end of the guide wall was knocked about 4 feet out of alignment, and the monolith was gapped out about 8 inches.

22. Below is a picture showing some of the damage to the upper guide wall:



23. USACE performed a dive inspection of the upper guide wall on October 26, 2023. This inspection, coupled with an above water inspection on October 23, 2023, revealed that the M/V ROGER L. KNIGHT allision caused substantial damage to the upper guide wall, including, but not limited to, the following: 1) monolith UG25 was rotated towards the landside by approximately 5 degrees, resulting in an approximate 44" lateral movement of the end of the monolith and a 17" permanent displacement of the foundation; 2) the rotation towards the landside caused a crushing failure, resulting in localized delamination of the concrete on UG24, approximately 6' deep; and 3) a 6" x 41" section of concrete was damaged as well as other small areas of concrete and corner protection.

24. The United States completed necessary and extensive repairs to the guide wall, which included an emergency temporary repair to stabilize the wall and final repair to restore the wall to its pre-allision condition. The actual cost of repairs attributable to the damage caused by the M/V ROGER L KNIGHT total $3,389,220.87.

**COUNT I**

**THE M/V ROGER L KNIGHT AND ITS TOW OF BARGES, *IN REM*, ARE STRICTLY LIABLE UNDER 33 U.S.C. §§ 408 AND 412 FOR DAMAGE TO LOCK AND DAM 2**

25. The United States refers to and incorporates by reference, as though fully set forth herein, paragraphs 1 through 24 of this Complaint.

26. At all material times, the M/V ROGER L. KNIGHT and its barges were vessels "used and employed" within the meaning of 33 U.S.C. § 412.

27. The M/V ROGER L. KNIGHT and its barges, *in rem*, are strictly liable to the United States under the Rivers and Harbors Act for damage to Lock and Dam 2 caused by the allision with the upstream guide wall, in an amount totaling $3,389,220.87, plus pre-judgment interest and costs, as well as all other damages the Court may award.

**COUNT II**

**IN ACCORDANCE WITH THE RIVERS AND HARBORS ACT, JAMES TRANSPORTATION LLC, DOING BUSINESS AS TENNESSEE VALLEY TRANSPORTATION, IS LIABLE UNDER THE GENERAL MARITIME LAW, *IN PERSONAM*, FOR DAMAGE TO LOCK AND DAM 2**

28. The United States refers to and incorporates by reference, as though fully set forth herein, paragraphs 1 to 27 of this Complaint.

29. At the time of the allision at issue, James Transportation LLC, doing business as Tennessee Valley Towing, owned and operated the M/V ROGER L. KNIGHT and its barges.

30. James Transportation LLC and its agents, servants, employees and/or representatives were negligent and/or grossly negligent in failing to adjust or maintain steering or otherwise prevent the allision of the M/V ROGER L. KNIGHT with the upriver guide wall of Lock and Dam 2; in creating and maintaining an unsafe condition; in failing to operate and/or maintain the M/V ROGER L. KNIGHT in a safe condition; in failing to maintain a proper lookout; in failing to properly hire, train and supervise its crew and/or vessel staff; the negligence of one or more persons for whom James Transportation LLC is responsible; and all other negligent acts and/or omissions determined in discovery and/or proven at trial.

31. The M/V ROGER L. KNIGHT, as a moving vessel that allided with a stationary object, is presumptively at fault under the *Oregon* Rule. *The Oregon*, 158 U.S. 186 (1895).

32. The incident of October 22, 2023, and the resulting damages were directly and proximately caused by the fault, negligence, and/or want of care solely on the part of James Transportation LLC and/or by the unseaworthy condition of the M/V ROGER L. KNIGHT.

33. As a direct and proximate result of James Transportation LLC's negligence and/or gross negligence, the United States' suffered damage in an amount of $3,389,220.87, plus pre-judgment interest, and costs as the Court may award.

WHEREFORE, the United States prays that the Court enter judgment against the M/V ROGER L. KNIGHT and its barges, *in rem*, and James Transportation LLC, doing business as Tennessee Valley Transportation, *in personam*, in the amount of all damages and losses sustained by the United States as a result of the allision described above, including pre-judgment interest, costs, and attorneys' fees, and all other relief as the Court deems fit.

Dated: October 21, 2026

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

*/s/ Robert H. Adams*
ROBERT H. ADAMS
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
Attorney ID No.: LA 40116
Post Office Box 14271
Washington, DC 20044-4271
Telephone: (202) 353-0444
Email: robert.h.adams@usdoj.gov

EMMA HILDEBRAND
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
Post Office Box 14271
Washington, DC 20044-4271
Telephone: (202) 305-9300
Email: emma.hildebrand@usdoj.gov

DANIEL N. ROSEN
United States Attorney
District of Minnesota

*s/Perry Sekus*
Perry F. Sekus
Assistant U.S. Attorney
Attorney ID Number 0309412
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Telephone: 612.664.5600
perry.sekus@usdoj.gov

*s/ Sarah Mazzie*
BY: Sarah Mazzie
Assistant United States Attorney
Attorney ID Number WI 1058084
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Email: Sarah.Mazzie2@usdoj.gov

*Attorneys for the United States of America*

# VERIFICATION

Based upon information officially furnished to me, I declare under penalty of perjury, in accordance with 28 U.S.C. §1746, that the foregoing is true and correct.

Executed on October 21, 2026.

*/s/ Robert Adams*
ROBERT H. ADAMS
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
Post Office Box 14271
Washington, DC 20044-4271